# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES W. RICKETTS, *et al.* | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. CCB-09-3140 |
| GREAT NORTHERN INSURANCE COMPANY, *et al.* | : | |

...o0o...

## MEMORANDUM

Now pending before the court is a motion to dismiss or, in the alternative, for summary judgment filed by defendant Chubb Group of Insurance Companies ("Chubb"); a motion to dismiss or, in the alternative, for more definite statement filed by defendant Great Northern Insurance Company ("Great Northern"); and a motion for summary judgment filed by plaintiffs James W. Ricketts and Vickie L. Ricketts ("the Ricketts"). The Ricketts have not responded to Chubb's motion and Great Northern has not replied to the Ricketts' opposition to Great Northern's motion. Nevertheless, for the reasons stated below, Chubb's motion will be granted, Great Northern's motion will be denied, and the Ricketts' motion will be granted in part and denied in part without prejudice.

## BACKGROUND

The Ricketts have sued Chubb and Great Northern for declaratory judgment, pursuant to the Maryland Uniform Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Proc. § 3-409, and for the cost of defense with respect to an underlying lawsuit in which the Ricketts claim the defendants had a duty to defend them. The underlying lawsuit involves Jeffrey C. Smith and Sandra C. Smith ("the Smiths"), residents of the Harbor View subdivision in Annapolis, Maryland, who brought suit

against their homeowners' association, the developer of the subdivision, and various neighbors to resolve conflicting claims over riparian and property rights to their lot, pier, and boat slips. The Ricketts, also Harbor View residents, intervened in the lawsuit. Subsequently, the Smiths amended their complaint to include the Ricketts as defendants. Count IV of the Smiths' amended complaint asserts a claim for "Slander of Title to Riparian Rights." (Pl.'s Summ. J. Mot Ex. 1 at 11.) Although Count IV does not specifically name the Ricketts, it refers generally to "the Defendants." (*Id.*) In addition, during his deposition, Mr. Smith described the Ricketts as engaging in a campaign against him and accused them of libel and slander. (*See* Pl.'s Summ. J. Mot. Ex. 9 at 47-48.) Count IV accuses the defendants in the Smith case of disparaging the Smiths' title to their riparian rights by asserting ownership. Among the forms of relief requested, the Smiths seek monetary damages for "emotional upset [and] inconvenience," also described as "anxiety, frustration, [and] emotional upset." (Pl.'s Summ. J. Mot. Ex. 1 at 12-13.)

After intervening in the lawsuit, the Ricketts asked their homeowner's insurance company[1] to defend them in the litigation. This request was made pursuant to their insurance policy's promise of coverage for defense in "any suit seeking covered damages for personal injury or property damage ...." (Pl.'s Opp. Ex 1. at T-3.) The policy defines "personal injury" as "bodily injury; shock, mental anguish, or mental injury; ... libel, slander, defamation of character, or invasion of privacy." (*Id.* at T-1.) In addition, the policy states: "We provide this defense at our own expense, with

---

[1] The Ricketts sued both Chubb and Great Northern, alleging that both companies serve as their insurance carrier. According to Chubb's motion, however, the Chubb name was used only for promotional purposes and Chubb did not issue an insurance policy to the Ricketts. (*See* Chubb's Summ. J. Mot. Ex. A.) In addition, Chubb has attached a page from the Ricketts' policy identifying Great Northern as the issuer of the policy. (*See* Chubb's Summ. J. Mot. Ex. B.) The Ricketts have not responded to Chubb's motion. Accordingly, the court will grant Chubb's motion, construed as a motion for summary judgment. Great Northern will be referred to as the exclusive issuer of the Ricketts' homeowners insurance policy throughout this memorandum.

counsel of our choice, even if the suit is groundless, false, or fraudulent." (*Id.* at T-3.)[2] Great Northern rejected the Ricketts' claim for coverage, explaining that the Smiths' complaint did not contain any claim for damages against the Ricketts, who were identified as "intervening defendants" but not named in the complaint. (Compl. Ex. A at ¶ 6.) The Ricketts filed suit in the Circuit Court of Maryland for Anne Arundel County and the defendants removed the case to federal court. The Ricketts retained their own attorney to defend them, and to pursue counter-claims against the Smiths, and now seek indemnification for past attorney's fees and litigation costs incurred between the filing of the first amended complaint and the resolution of the Smiths' claim against the Ricketts.[3] Great Northern appears to have abandoned its previous rationale for denying the Ricketts' coverage and instead now argues that the Smiths' claim against the Ricketts does not fall within the insurance policy's coverage because it is for slander of title, rather than personal slander, and emotional damages are not recoverable under a slander of title action. The court will address this argument below.

## **ANALYSIS**

Federal Rule of Civil Procedure 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Supreme Court has clarified that this does not mean that any

---

[2] Great Northern filed a motion to dismiss or, in the alternative, for more definite statement prior to the Ricketts filing their motion for summary judgment. The basis of Great Northern's motion was that the Ricketts had failed to attach their entire homeowners insurance policy to the complaint. The Ricketts have now included a copy of the entire policy with their motion for summary judgment. Therefore, the court will deny Great Northern's motion as moot.

[3] The Ricketts have clarified these time parameters in a supplemental exhibit to their motion for summary judgment. (*See* Pl.'s Summ. J. Mot Supp. Ex. 1.) According to the Ricketts, the bills they submitted from Hyatt & Weber, P.A. (Pl.'s Summ. J. Mot. Ex. 10), totaling approximately $43,000, accurately reflect the legal fees they incurred in defense of the Smiths' claim against them.

factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *See id.*

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion,'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original) (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

The Ricketts argue that the Smiths' claim against them, for slander of title, falls within Great Northern's coverage because it seeks damages for personal injury, which, consistent with the policy's definition, includes emotional distress and slander. Great Northern contends, however, that the claim is not covered because it is a tort against property, rather than a personal injury claim, and plaintiffs asserting a slander of title claim may not recover damages for emotional distress. *See Rite Aid Corp. v. Lake Shore Investors*, 471 A.2d 735, 742 (Md. 1984) (holding that "[e]motional distress and bodily harm resulting from the disparagement [of title] are strictly excluded").

4

The Maryland Court of Appeals has created a two-part test for determining whether a liability insurer is obliged to defend its insured in a tort suit. *See St. Paul Fire & Marine Ins. Co. v. Pryseski*, 438 A.2d 282, 285 (Md. 1981). First, the court must assess the coverage and defenses under the terms and requirements of the insurance policy. *See id*. Second, the court must ask whether "the allegations in the tort action potentially bring the tort claim within the policy's coverage." *Id.* The parties do not disagree over the meaning of the policy language itself. Instead, they contest whether the Smiths' claim against the Ricketts is covered under the insurance policy.

"Even if a tort plaintiff does not allege facts which clearly bring the claim within or without the policy coverage, the insurer still must defend if there is a potentiality that the claim could be covered by the policy." *Brohawn v. Transamerica Ins. Co.*, 347 A.2d 842, 850 (Md. 1975). The court may look beyond the allegations of the complaint and consider extrinsic evidence proffered by the insured to establish the potentiality of coverage. *See Aetna Casualty & Surety Co. v. Cochran*, 651 A.2d 859, 865 (Md. 1995). When "the potentiality of coverage is uncertain from the allegations of a complaint, any doubt must be resolved in favor of the insured." *Id.* at 863-64.

Count IV of the complaint includes a claim for damages related to emotional upset. This claim finds support in Ms. Smith's deposition testimony regarding the psychological harm she suffered as a result of the property dispute. (*See* Compl. Ex. C.) Even if damages for emotional distress are not legally cognizable under a slander of title claim, the insurance policy explicitly provides that claims need not be meritorious to trigger coverage. *See Brohawn*, 347 A.2d at 850 (interpreting an insurance contract with an identical "groundless, false, or fraudulent" provision as requiring the insurance company to defend the insured even when the claim against her could not possibly succeed in law). Therefore, because the court interprets the Smiths' complaint as alleging a cause of action against the Ricketts for emotional distress, a personal injury covered under the Great

Northern policy, the Ricketts' motion for summary judgment will be granted with respect to Great Northern's duty to pay the costs of defense.[4] Because Great Northern suggests there may be a legitimate dispute as to the actual fees and costs incurred, however, summary judgment will not be granted with respect to the actual amount that Great Northern owes the Ricketts until counsel can be heard by conference call.

## **CONCLUSION**

For the foregoing reasons, Chubb's motion will be granted, Great Northern's motion will be denied, and the Ricketts' motion will be granted in part and denied in part without prejudice. A separate Order follows.


August 2, 2010 /s/
Date Catherine C. Blake
United States District Judge

---

[4] As the slander of title claim falls within Great Northern's coverage because it seeks damages for emotional distress, the court need not address the plaintiffs' additional argument that the claim alleges slander, which is covered by the policy. Therefore, the three cases cited by the defendants for the proposition that slander of title claims do not fall within insurance policies' definition of slander are inapposite because the slander of title claims in these cases did not seek damages for emotional distress. *See Kickham Grp.v. Am. Nat'l Fire Ins. Co.*, No. 96-1823, 1997 U.S. Dist. LEXIS 23733 (N.D. Tex. Sept. 24, 1997); *Truck Ins. Exch. v. Bennett*, 61 Cal. Rptr. 2d 497 (Cal. Ct. App. 1997); *Doyle v. Engelke*, 580 N.W.2d 245 (Wis. 1998).